[ECF No. 16]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **OAKLYN VILLAS URBAN RENEWAL LLC et al.,**<br><br>     **Plaintiffs,**<br><br>  v.<br><br>**BOROUGH OF OAKLYN et al.,**<br><br>     **Defendants.** | Civil No. 22-3177 (RBK/SAK) |

**OPINION AND ORDER**

  This matter is before the Court on the Motion for a More Definite Statement [ECF No. 16] filed by Defendants Borough of Oaklyn, Gregory Brandley, Charles Lehman, Dorothy Valianti, and Bonnie L. Taft (collectively, the "Borough Defendants").[1] The Court received the opposition of Plaintiffs Oaklyn Villas Urban Renewal LLC and DePetro Real Estate Organization LLC (collectively, "Plaintiffs") [ECF No. 17] and the Borough Defendants' reply [ECF No. 20]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

  Plaintiffs filed this civil rights action on May 26, 2022 asserting claims pursuant to state and federal law against the Borough Defendants and Defendants Doug Koltan, Timothy J. Higgins,

---

[1] Defendant Doug Koltan subsequently joined the Borough Defendants' motion. *See* Defs.' Letter, Oct. 28, 2022 [ECF No. 23].

Peter Rhodes, Ajay Shah, and ALKA Real Estate LLC (collectively, "Defendants"). *See* Compl. [ECF No. 1]. Plaintiffs Oaklyn Villas and DePetro are an urban renewal company and real estate organization, respectively. The Borough Defendants are comprised of the municipality, the mayor, two members of the Borough Council, and the Borough Clerk. *See id.* ¶¶ 8–14. Defendant Koltan is the Borough's former municipal tax assessor. *See id.* ¶ 19. Defendant Higgins is the Borough's attorney. *See id.* ¶ 15. The remaining defendants are two private citizens and a real estate company. *See id.* ¶¶ 16–18. Plaintiffs' claims arise out of the denial of Oaklyn Villas' request to sell land within one of the Borough's redevelopment areas, and to transfer certain tax incentives it received as the redeveloper of that land, to a qualified purchaser. *See id.* ¶ 1. Plaintiffs allege this decision was "at best arbitrary and capricious and at worst . . . motivated by discriminatory and Anti-Semitic bias against [the] proposed purchaser, whose principal is of the Orthodox Jewish faith." *Id.* ¶ 2. Plaintiffs further allege that, in denying the request, "Defendants breached [one or more] contracts between the Borough and Oaklyn Villas." *Id.* ¶ 3. More specifically, Plaintiffs' Complaint asserts the following eleven counts:

(1) Violation of Procedural Due Process Rights; 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution;

(2) Violation of Substantive Due Process Rights; 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution;

(3) Violation of Equal Protection Rights; 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution;

(4) Violation of Substantive Due Process Rights; N.J.S.A. 10:6-2(c), Article I, Paragraph 1 of the New Jersey Constitution and the Fourteenth Amendment to the United States Constitution;

(5) Violation of Equal Protection Rights; N.J.S.A. 10:6-2(c), Article I, Paragraph 1 of the New Jersey Constitution and the Fourteenth Amendment to the United States Constitution;

(6) Breach of Doctrine of Fundamental Fairness;

(7) Breach of Contract;

(8) Breach of Implied Duty of Good Faith and Fair Dealing;

(9) Violation of New Jersey Law;

(10) Breach of Contract; and

(11) Breach of the Duty of Good Faith and Fair Dealing.

*See id.* ¶¶ 55–148. The first five counts appear to be brought against all Defendants. *See, e.g.*, *id.* ¶¶ 61, 75, 84, 96, and 103 (expressly attributing each count to the "[t]he actions of all Defendants, collectively and individually"). Counts 6 and 9 also appear to implicate or involve all Defendants. *See id.* ¶¶ 109–10, 131. The remaining counts, however, are not as clear. For example, Count 7 names the Borough and Koltan in its allegations but only seeks relief against the Borough. *See id.* ¶¶ 111–21. Similarly, Counts 10 and 11 reference the Borough, ALKA, and Rhodes, but only seek relief as to the Borough and ALKA. *See id.* ¶¶ 132–48. Lastly, Count 8 only names the Borough but appears to implicate other Defendants in the allegations underlying it. *See id.* ¶¶ 122–28.

On July 22, 2022, Defendant Higgins moved to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 7]. Defendants Rhodes, Shah, and ALKA filed a similar motion on August 3, 2022 [ECF No. 10]. The Borough Defendants subsequently moved for a more definite statement on September 6, 2022. Defendant Koltan then joined the Borough Defendants' motion on October 28, 2022 (collectively, the moving parties will be referred to as "Defendants"). Defendants allege that "Plaintiffs' Complaint is [so] woefully vague [that it] must be amended to allow [them] to file a responsive pleading." Defs.' Mot. Br. at 2 [ECF No. 16-1]. Specifically, Defendants allege the "Complaint fails to articulate which Defendants committed which wrongs." *Id.* at 5. Instead, the Complaint "largely groups all Defendants together with the language 'Defendants, collectively and individually' or simply 'Defendants.'" *Id.* Consequently,

Defendants contend that Plaintiffs' Complaint amounts to an impermissible "shotgun pleading." Defendants also allege that Plaintiffs "utterly fail[] to plead facts establishing how the Borough's rejection of Plaintiffs' proposed sale deprived [them] of their property rights." *Id.* They further allege that Plaintiffs fail to plead "any basis for the alleged discriminatory actions of the Borough." *See id.* at 6. As a result, Defendants maintain they "cannot reasonably respond to such nebulous allegation[s]." *Id.*

Plaintiffs oppose Defendants' motion. They allege that the Complaint provides more than sufficient details for Defendants to respond. *See* Pls.' Opp'n at 5. Furthermore, Plaintiffs allege that "any supposedly 'missing' detail may be ascertained in discovery." *Id.* Plaintiffs concede the Complaint fails to articulate which Defendants committed which wrongs, but argue this does not "come close to rendering the Complaint 'unintelligible.'" *Id.* at 6. Rather, Plaintiffs contend "it would be quite simple for an individual Defendant to issue a 'simple denial' to any allegations they believe are inapplicable to them." *Id.* at 7. Plaintiffs also reject Defendants' arguments regarding a failure to plead facts establishing Plaintiffs' deprivation of property rights or a basis for Defendants' alleged discriminatory actions. *See id.* at 7–9. Plaintiffs propose these arguments are "self-defeating." In other words, if Plaintiffs' allegations were truly unintelligible, Defendants would be unable to raise them. *See id.* Accordingly, Plaintiffs assert that Defendants' motion for a more definite statement should be denied in its entirety.

In reply, Defendants contend Plaintiffs misconstrue their arguments. To start, Defendants reiterate that "the alleged conduct by the respective Defendants is unclear." Defs.' Reply at 1. Defendants argue Plaintiffs' primary position—that any missing details may be ascertained in discovery—runs contrary to the law. *See id.* at 2 (citation omitted). They also argue Plaintiffs' contention that "Defendants could issue a 'simple denial' to the allegations that are not applicable

to them" presupposes their ability to ascertain which allegations are specific to them. *Id.* Finally, Defendants contend that any attempt to characterize their remaining arguments as "self-defeating" is simply misguided.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." *See generally Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). "The decision to grant a Rule 12(e) motion is 'a matter committed largely to the discretion of the district court.'" *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (quoting *Clark*, 213 F.R.D. at 232).

The prevailing standard employed by district courts in this Circuit is to grant such a motion "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Id.* at 736–37 (alteration omitted) (quoting *Clark*, 213 F.R.D. at 232–33). Examples of where this standard has been met include:

> (1) where a complaint's allegations are not specific enough to enable a defendant to determine the propriety of interposing a waivable defense in his or her answer; (2) where the defendant lacks certain information peculiarly within the knowledge of the plaintiff, and without which the defendant cannot answer the complaint with a good faith, general denial; and (3) where a court finds it desirable to pare down "shotgun" pleadings in order to make the litigation more manageable through more controlled discovery.

*See Lasky v. Evesham Owner LLC*, No. 14-3035, 2014 WL 2710969, at *2 (D.N.J. June 16, 2014) (citation omitted). "It is not the function of 12(e) to provide greater particularization of information

alleged in the complaint." *MK Strategies, LLC*, 567 F. Supp. 2d at 737 (citation omitted). "The basis for granting such a motion is unintelligibility, not lack of detail." *Id.*; *see, e.g.*, *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 898 (D.N.J. 2020) (citation omitted) ("[B]ecause there is potential that Rule 12(e) could require more specificity than that required by Rule 8(a)(2) . . . , its exercise should be cast in the mold of strictest necessity."); *see also Stallone v. Camden Cnty. Tech. Schs. Bd. of Educ.*, No. 12-7356, 2013 WL 5178728, at *10 (D.N.J. Sept. 13, 2013) (internal quotations and citation omitted) ("A motion for a more definite statement is generally disfavored and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.").

### B. Analysis

Defendants argue that they are unable to reasonably respond to Plaintiffs' Complaint in its current form. They argue that the Complaint fails to articulate which Defendants committed which wrongs, and otherwise fails to plead sufficient factual matter to establish the alleged deprivation of Plaintiffs' property rights or discriminatory conduct by Defendants. For the reasons that follow, the Court finds that the Complaint amounts to an impermissible "shotgun" pleading and warrants a more definite statement so that Defendants may discern which claims are brought against which parties. As such, the Court will grant Defendants' motion on this basis and deny it with respect to Defendants' requests for further details as to the claims of deprivation of Plaintiffs' property rights and alleged discrimination. The Court will address each of these challenges in turn.

A shotgun pleading can arise in one of four common forms: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint "not separating into a different count each cause of action or

claim for relief;" or (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (citations omitted); *see Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). "Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies." *Nash v. New Jersey*, No. 22-1804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (citing *Weiland*, 792 F.3d at 1323).

Here, the Court finds Plaintiffs' Complaint falls into the fourth category—multiple claims asserted against multiple defendants without specifying which of the defendants are responsible for which acts, or which of the defendants the claims are brought against. The instant action asserts eleven separate counts and involves ten defendants—including two private citizens and a private real estate company. Nevertheless, the first six counts of Plaintiffs' Complaint indiscriminately refer to all "Defendants" collectively. *See* Compl. ¶¶ 55–110. In fact, the first five counts expressly assert in pertinent part that "[t]he actions of all Defendants, collectively and individually, acting under color of law . . . have deprived Plaintiff of its property rights." *Id.* ¶¶ 61, 75, 84, 96, and 103. The remaining counts fair no better. Plaintiffs fail to specify anywhere in the Complaint precisely which claims are being brought against which Defendants. In other words, Plaintiffs fail to give Defendants adequate notice of the claims against them. Notably, as to the Borough Defendants, any reference to the Borough itself may implicate one of five parties: the municipality, the mayor, one of two members of the Borough Council, or the Borough Clerk. Thus, without reference to a

specific party, Defendants "are required to guess as to which [party] the Complaint refers." *Lasky*, 2014 WL 2710969, at *3. Plaintiffs must therefore specify for each count which Defendants are responsible for which alleged acts or omissions. More importantly, Plaintiffs must also specify for each individual count precisely which Defendants the claim is brought against. Accordingly, the Court will grant Defendants' motion and direct Plaintiffs to file an amended complaint curing the aforementioned deficiencies.

Defendants' remaining requests for definiteness under Rule 12(e) shall be denied. Despite the shotgun nature of Plaintiffs' pleading, the Court fails to see how the other two alleged defects prevent Defendants from framing a responsive pleading. Defendants challenge the sufficiency of the allegations underlying the alleged deprivation of Plaintiffs' property rights and discriminatory conduct by Defendants. While it may leave some details wanting, the Court finds that Plaintiffs' Complaint is not so vague, ambiguous, or unintelligible that Defendants cannot respond in good faith. Furthermore, the law is clear that Rule 12(e) is not intended to address "a lack of detail." *Stallone*, 2013 WL 5178728, at *10. For these reasons, the Court will deny Defendants' motion with respect to these two challenges as to the sufficiency of claims of deprivation of property rights and claims of discrimination.

### III.  CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **17th** day of **March**, **2023**, that Defendants' motion [ECF No. 16] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs shall file an amended complaint that properly places Defendants on notice of the claims against them by **March 31, 2023**; and it is further

**ORDERED** that Defendants shall respond to Plaintiffs' amended complaint in accordance with the schedule set forth in Rules 12(a)(4)(B) and 6(a) of the Federal Rules of Civil Procedure.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Robert B. Kugler, U.S.D.J.